UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-1072 RLW |
| | ) |
| DAVID HOLMON, individually, and as | ) |
| an officer, director, shareholder, member | ) |
| and/or principal of JOHN DOE ENTITY | ) |
| d/b/a The Lux, and JOHN DOE ENTITY | ) |
| d/b/a The Lux, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a letter from self-represented Defendant David Holmon (ECF No. 12). Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed this action on August 14, 2020. The Complaint (ECF No. 1) alleges the Defendants unlawfully broadcast a Pay-Per-View event at a commercial location without paying Plaintiff the necessary commercial license fee to do so.[1] Plaintiff's Complaint asserts claims of Satellite (47 U.S.C. § 605) and Cable (47 U.S.C. § 553) Piracy in Count I, and federal copyright infringement in Count II. Named as Defendants are David Holman, as an individual, and as an officer, director, shareholder, member and/or principal of an unknown corporate entity sued as "John Doe Entity" doing business as "The Lux;" and also the unknown corporate entity itself sued as "John Doe Entity" doing business as "The Lux."

---

[1] The Pay-Per-View event was the audiovisual presentation of the Floyd Mayweather, Jr. vs. Conor McGregor boxing match, including all undercard bouts and commentary, on Saturday, August 26, 2017

1. <u>Defendant Holmon's Filings</u>

After being served with summons and Complaint, self-represented Defendant David Holmon sent an undated letter to the Court in response to the Complaint, addressed "To Whom it May Concern" and received September 30, 2020. Although the letter was not in the form of an Answer or Motion to Dismiss, <u>see</u> Rule 12, Fed. R. Civ. P., and did not include an appropriate case caption as shown above on this Order, <u>see</u> Rule 10(a), Fed. R. Civ. P., the Court liberally construed the letter as Defendant Holmon's Answer to Plaintiff's Complaint and directed the Clerk to file it as such. (ECF No. 7.)

Pursuant to 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel." Defendant Holmon therefore has the right to represent himself in this case. A lay person cannot represent a corporation, however, as corporations are artificial entities that can only act through agents, cannot appear <u>pro se</u>, and must be represented in federal court by a licensed attorney. <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993); <u>Carr Enterprises, Inc. v. United States</u>, 698 F.2d 952, 953 (8th Cir. 1983). Defendant John Doe Entity d/b/a The Lux can only be represented by a licensed attorney in this case, assuming that it is or was any kind of corporate entity, including a Chapter C corporation, a Chapter S corporation, or a limited liability company. There is no indication that Defendant Holmon is a licensed attorney. As a result, he cannot engage in the practice of law to represent Defendant John Doe Entity, regardless of whether he is or was its owner, director, shareholder, member, and/or principal.

Because no licensed attorney filed a response to the Complaint on behalf of Defendant John Doe Entity d/b/a The Lux within the time allowed by Rule 12(a)(1)(A), Fed. R. Civ. P., the Court ordered Plaintiff to seek a Clerk's Entry of Default against Defendant John Doe Entity d/b/a The Lux, pursuant to Rule 55(a), Fed. R. Civ. P. <u>See</u> Order of Oct. 16, 2020 (ECF No. 8).

Plaintiff complied with the Court's Order and the Clerk of the Court entered a Clerk's Entry of Default against Defendant John Doe Entity, d/b/a The Lux, pursuant to Rule 55(a) on November 6, 2020 (ECF No. 10).

Now before the Court is a second letter from Defendant Holmon, received November 13, 2020. Again the letter is addressed, "To whom it may concern," and it is undated. (ECF No. 12.) The letter states in its entirety:

> I received a letter today in the mail stating "Entry of Default" on the above case for the reason of failure to file an answer. I filed my answer on September 30th 2020 after speaking with your office on how to file my response correctly. I filed the attached letter which is stamped with the date. The case number I used was listed on the Summons which is also attached to this email showing the case number I used to file my response. For some reason it's missing a zero however this was the case number that was listed on Summons.
>
> Thank you,
> David Holmon

(ECF No. 12.) Attached to the letter is a copy of the letter discussed above that was received September 30, 2020, and construed as Defendant Holmon's Answer to the Complaint.

For the reasons stated above, the Court liberally construed Defendant Holmon's letter as his Answer to Plaintiff's Complaint, but it cannot construe the letter as a filing on behalf of the separate corporate entity Defendant sued as John Doe Entity d/b/a The Lux, because Mr. Holmon is not an attorney. The Clerk's Entry of Default (ECF No. 10) was entered against Defendant John Doe Entity d/b/a The Lux because a licensed attorney did not file a responsive pleading on its behalf within the time allowed to do so. The Clerk's Entry of Default was not entered against Defendant Holmon, however. This explanation should resolve the question contained in Defendant Holmon's letter received November 13, 2020.

2. Filing Requirements for Self-Represented ("Pro Se") Parties

Defendant Holmon is advised that his self-represented status does not excuse him from his obligations to comply with Court orders, the Court's Local Rules, and the Federal Rules of

3

Civil Procedure. See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) ("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery."); Bunch v. Univ. of Ark. Bd. of Trustees, 863 F.3d 1062, 1067 (8th Cir. 2017) (party's "status as a pro se litigant [does] not excuse [him] from following the local rules."). The Court's Local Rules and other resources for self-represented litigants, including a link to the Federal Rules of Civil Procedure, are available on the Eastern District of Missouri's website, www.moed.uscourts.gov.

In accordance with the Federal Rules of Civil Procedure and the Court's Local Rules, all future filings by Defendant Holmon must include a case caption in the form shown above on this Order that includes the name of the Court, the parties' names, the case number, and the title of the document.[2] See Rule 10(a), Fed. R. Civ. P. All filings must be double-spaced, legibly written or typed in at least 12-point font on 8½ x 11-inch pages, and must contain Defendant's signature, with his name printed or typed below the signature, and his address, telephone number, and email address. See Local Rule 2.01(A)(1).

In the future, Defendant Holmon must communicate with the Court only by motion or memorandum, not by letter.[3] Defendant Holmon should file a document in the form described in the preceding paragraph and titled "Motion" only if he is requesting the Court to issue an order, see Rule 7(b)(1)(A)-(C); the document should be titled "Memorandum" if it is filed for any other reason.

---

[2]Defendant Holmon may list the Defendants in the case caption as "David Holmon, et al.," rather than listing all of the Defendants' names as shown on caption of this Order.

[3]See Local Rule 4.04(A) ("Attorneys and self-represented litigants shall not communicate in writing with the Court concerning any pending matter except by motion or memorandum, unless otherwise directed by the Court. Attorneys and self-represented litigants shall not furnish the Court copies of correspondence among themselves except as exhibits to a motion or memorandum.").

Accordingly,

**IT IS HEREBY ORDERED** that for all future filings, Defendant Holmon shall (1) comply with the form of pleading requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court as set forth in this Order, and (2) communicate with the Court only by motion or memorandum. Failure to comply with this Order may result in Defendant's future filings being returned to him.

                                                *Ronnie L. White*
                                                **RONNIE L. WHITE**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this 30th day of November, 2020.